## W. W. GEORGE, Curator, *v.* J. R. ROACH, and J. R. ROACH *v.* W. W. GEORGE, Curator.

The equitable doctrine established in the case of *Pepper* v. *Dunlap*, 5 Ann. 200, that when a purchaser, who has received possession from his vendor, buys, afterwards, an outstanding and superior title, and thus perfects and quiets the defective title, and the possession which he received from his vendor, the second purchase will inure to his vendor's benefit, does not apply to a case in which the vendor never had, and gave no possession, and was aware of an outstanding title, and knew that he was selling what belonged to another.

APPEAL from the District Court of the Parish of Caddo, ———, J.*
By the court:

ROST, J. A lot of ground in the town of Shreveport was sold to *Roach*, at a probate sale, by *George*, Curator, and the vendee gave his notes for the price. Being sued upon them, he restricted the action, upon the ground that the succession of *Sprague* was without title, and claimed a rescision of the sale. There was a judgment for the defendant in the court below, and the plaintiff has appealed.

It is proved that, at the date of the probate sale, the title was in a third person, from whom *Roach* subsequently purchased the same piece of ground. This hird person, and those under whom he held, had been in possession for many

---

*This case was decided in New Orleans by consent.

years. The succession of *Sprague* never had possession, nor had *Roach*, until he received it from his third person. It is clear, therefore, that there was a failure of the consideration of the note given by *Roach*.

But it is said that *Roach*, having purchased the title, is only entitled to be relieved from the payment of his notes up to the amount which he expended to acquire it.

In the case of *Pepper* v. *Dunlap*, we recognized the highly equitable doctrine, that when a purchaser, who has received possession from his vendor, buys afterwards an outstanding and superior title, and thus perfects and quiets the defective title and the possession which he received from his vendor, the second purchase will inure to his vendor's benefit, so that his liability as warrantor will be restricted to the amount so expended.

But the equity cannot be invoked in the present case; for the succession never had, and gave no possession, and it is shown by the curator's official acts, that he was aware of his outstanding title, and knew that he was selling what belonged to another.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.